**UNIROYAL, INC.**
v.
**The UNITED STATES.**
**No. 9–71.**

United States Court of Claims.
Feb. 18, 1972.

---

Walter Barthold, New York City, attorney of record, for plaintiff. Arthur Dry & Kalish, New York City, of counsel.

Judith A. Yannello, Washington, D. C., with whom was Asst. Atty. Gen. L. Patrick Gray III, for defendant.

Before COWEN, Chief Judge, LARAMORE and DURFEE, Senior Judges, and DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LARAMORE, Judge:

In October 1969, defendant, through the General Services Administration, awarded to Losion Muldrow, an individual doing business as Muldrow Enterprises, a contract calling for the delivery of 40 tires for a total price of $28,358.52. Defendant received the tires and remitted the contract price to contractor Muldrow Enterprises.

Plaintiff, the manufacturer of the tires sold to defendant, filed this petition on January 12, 1971, alleging that the contractor had ordered the tires from plaintiff and in consideration for plaintiff's agreement to finance the transaction by extending credit to Muldrow, Muldrow assigned to plaintiff the right to receive the proceeds of the contract. Plaintiff contends that as an alleged assignee, it is entitled to recover from defendant the amount of $26,940.48. Plaintiff says defendant disregarded the assignment and remitted the contract price to Muldrow and that Muldrow has failed and refused to pay to plaintiff the price of the 40 tires.

Defendant has filed a motion for summary judgment raising three questions: (1) Whether plaintiff is precluded from asserting this claim under the Assignment of Claims Act inasmuch as plaintiff is not a financial institution and is, therefore, not a proper assignee; (2) whether, in any case, plaintiff may assert this claim inasmuch as plaintiff failed to notify defendant of any assignments as required by the Assignment of Claims Act; (3) whether, in any case, plaintiff may assert this claim for a portion of the contract proceeds, whereas the Assignment of Claims Act requires that any valid or enforceable assignments must be for the entire contract proceeds.

For reasons hereinafter stated, we hold plaintiff is not entitled to recover.

The question of whether plaintiff is precluded from asserting this claim under the Assignment of Claims Act of

1940,[1] inasmuch as plaintiff is not a financial institution and is, therefore, not a proper assignee, has been answered by this court in Royal Indemnity Co. v. United States, 93 F.Supp. 891, 117 Ct.Cl. 736, 746 (1950), wherein this court stated:

> This assignment was not within the terms of the Assignment of Claims Act of 1940, *supra*, inasmuch as that Act provides that a valid assignment may be made only to a bank, trust company, or other financing institution; which the surety admittedly is not.

To the same effect is Beaconwear Clothing Co. v. United States, 355 F.2d 583, 174 Ct.Cl. 40 (1966).

■ While plaintiff here does not admit it is not a "financing institution" under the terms of the Assignment of Claims Act, *supra*, it obviously is not. As a matter of fact, plaintiff has not even alleged that it is in any way a qualifying institution. Plaintiff has only alleged it is a corporation which makes and sells, among other products, automobile, truck and other tires. Furthermore, plaintiff alleges only that it agreed to fill contractor's order for tires by extending credit to him in consideration for which plaintiff would receive an assignment of the contract proceeds. This falls far short of falling within the term "bank, trust company, or other financing institution including any Federal lending agency" as contemplated by the statute and as held by this court in *Royal Indemnity* and *Beaconwear, supra.*

Since plaintiff is not a qualifying institution, any alleged assignment to it is void against the United States under the Assignment of Claims Act, *supra*. Plaintiff is, therefore, precluded from asserting its claim under an alleged assignment against defendant.

We believe the above adequately disposes of this case. However, defendant's second contention is sufficiently important to merit discussion.

The Assignment of Claims Act has the requirement that "the assignee * * shall file written notice of the assignment together with a true copy of the instrument of assignment with (a) the contracting officer or the head of his department or agency; * * *." 31 U.S.C. § 203(4) (1970).

Plaintiff has alleged only that "defendant received notice of the assignment. It agreed to remit the proceeds of the contract to plaintiff."

There was no mention whatever that there had been an assignment. Indeed, defendant was not furnished with a copy of the assignment instrument either by plaintiff, as required, or in fact by anyone. The only notice received by defendant, as shown by the exhibits, was a notice from the contractor to alter the name and address of remittee from the contractor to plaintiff, which change was made and plaintiff was so notified by defendant.

At no time was defendant notified either in writing or orally that there was an assignment. Consequently, after receiving an invoice from the contractor which contained notice that remittance was to be sent to Muldrow Enterprises as remittee, a check for same was sent to Muldrow Enterprises in compliance with the above direction.

■ In light of the above, even if plaintiff were found to be a financing institution to whom assignment could be made enforceable against the United States, plaintiff could not recover because of the lack of notice.

Plaintiff seeks to offset the effect of failure to comply with the terms of the Assignment of Claims Act by citing a regulation (subparagraph (b) of 41 C.F.R. 1.30.706) which directs the contracting officer to send the papers back "to the assignee with an explanation of the objections to the proposed assignment." This would be well and good if the defendant had any suggestion or notice of any assignment. The fact of the

---

1. 31 U.S.C. § 203 (1970); 41 U.S.C. § 15 (1970).

matter is that the only communication defendant ever had with Uniroyal or Muldrow is shown by the uncontradicted affidavit of Joseph O. Francis, the supervisory procurement agent, wherein he deposed as follows:

1. I reside at 1237 Wheeler Avenue, Bronx, New York 10472, State of New York.

2. I am now, and have been since prior to 1969, employed by General Services Administration, Region 2, as Supervisory Procurement Agent.

3. In conjunction with a request for approval of awards on October 29, 1969, I reviewed a proposed award to Muldrow Enterprises, 2306–96 Fairfield Avenue, Fairfield, California 94553, of forty tires, stock number 2610–555–2498, for $28,358.52 under Solicitation NY–RC–E–02755. The award was documented on Contract GS–02S–6885.

4. Sometime late in the year 1969, a person identifying himself as Mr. Barry of Uniroyal, Inc., requested that our records be changed to show the remittance address on the above mentioned contract as "Uniroyal, Inc., c/o Muldrow Enterprises". I advised Mr. Barry that this was irregular and could not be done and that a request in writing would have to originate with the contractor. Mr. Barry stated this was agreed to by Muldrow Enterprises and that a request had been made by the contractor.

5. During the month of December 1969, I spoke with Mr. Muldrow of Muldrow Enterprises, who informed me that he had already submitted a letter request for a change of remittance address. Mr. Muldrow was advised that a search had been made of the files and no record of his letter could be located. He agreed to forward copies of the letter. By speed memo dated December 19, 1969, Mr. Muldrow attached a copy of a speed memo dated December 2, 1969, requesting a change in the remittance address to "Uniroyal, Inc., c/o Mul-drow Enterprises, 6025 Third Street, San Francisco, California 94124."

6. On January 14, 1970, Mr. Barry phoned and asked if the change of remittance address had been received. I told him that it had been received and, pursuant to his request, I, by letter dated January 14, 1970, Exhibit A), advised Uniroyal that our Office of Regional Accounts had been advised to remit payment to Uniroyal, Inc., c/o Muldrow Enterprises. At no time during the conversation with Mr. Barry did I indicate that the change of remittance address would serve to substitute Uniroyal, Inc., as the payee under the subject contract. Mr. Barry did *not* discuss with me the relationship between Uniroyal and Muldrow, nor whether Uniroyal was extending credit to Muldrow.

7. Sometime after January 14, 1970, Mr. Barry called and asked whether payment had been made under the contract. I advised him that he would have to obtain that information from the paying officer. I had no further conversations with Mr. Barry.

8. Sometime shortly before or on April 1, 1970, I engaged in a telephone conversation with Jesse Sunshine, who stated that he represented Uniroyal. Mr. Sunshine, while discussing the matter of payment having gone to Muldrow Enterprises and not to his client, did not specifically state to me that Muldrow had assigned to Uniroyal its rights to receive the contract proceeds.

9. I understand that there is a difference between the assignment of the right to receive the proceeds of a contract and the change of a remittance address. In this case, neither the contractor nor Uniroyal notified me that there had been an assignment and the contractor could and apparently did change the remittance address without the knowledge or consent of Uniroyal.

10. At no time was it my understanding, and at no time did I indicate to Uniroyal, that the change of remit-

tance address committed the Government to pay the contract proceeds to anyone other than the contractor, Muldrow Enterprises.

We can find nothing from the telephone conversations or the letter above referred to that would even remotely notify the government that Muldrow had assigned the proceeds of the contract. The key word used was "remit" which means to send. Black's Law Dictionary, Fourth Edition. Indeed, defendant so acknowledged this by its letter of January 14, above referred to. Absent any notice of *assignment* when Muldrow later billed the government with notice to send remittance to it, the government complied. We see nothing wrong with this action.

In conclusion, for the reasons that (1) plaintiff is not a proper assignee under the Assignment of Claims Act, inasmuch as it is not a financial institution and (2) plaintiff has failed to comply with the notice provision of the Act, plaintiff cannot recover in this action. In light of the above, it is not necessary to discuss the third argument of defendant. Consequently, and without oral argument,[2] defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.

59 CCPA

___

2. This opinion is written without oral argument pursuant to Rule 146(b) (2) of the Rules of this court.